IT IS SO ORDERED.

DATED: November 7, 2023

*[signature]*

**STEPHEN V. WILSON**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSH PEANUT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANNA HERNANDEZ a/k/a ANNA KOZACZKA, an individual; CHARLIE'S PROJECT INC. f/d/b/a CHARLIES PROJECT LLC, a Massachusetts corporation; CHARLIE'S PROJECT KIDS LLC, a Massachusetts limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-CV-02082<br><br>*Assigned to the Hon. Stephen V. Wilson*<br><br>**JUDGMENT PURSUANT TO STIPULATION FOR ENTRY OF JUDGMENT**<br><br>JS-6 |

Pursuant to the Stipulation for Entry of Judgment executed by Plaintiff Posh Peanut, Inc. ("Plaintiff" or "Posh Peanut"), and Defendants Anna Hernandez a/k/a Anna Kozaczka ("Hernandez"), Charlie's Project Inc. f/d/b/a Charlies Project LLC ("Charlie's Project"), and Charlie's Project Kids LLC ("Charlie's Kids," and collectively with Hernandez and Charlie's Project, "Defendants" or the "Charlie Parties"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Defendants shall pay the sum of $130,000 to Plaintiff;

2. Defendants stipulate that they have willfully: (i) infringed the trademarks "POSH PEANUT" and the distinctive "PP" mark (collectively, the "Posh Peanut Marks") in violation of 15 U.S.C. § 1114; (ii) engaged in trademark counterfeiting in violation of U.S.C. § 1114; (iii) used false designations of origin and/or engaged in unfair competition in violation of 15 U.S.C. § 1125(a); (iv) engaged in trademark infringement and unfair competition in violation of California common law; and (v) engaged in unfair competition in violation of California Bus. & Prof. Code § 17200, *et seq*.

3. Defendants and their officers, members, shareholders, directors, agents, servants, employees, successors, licensees, representatives, successors, assigns, and all persons acting in concert or participation with them, are permanently enjoined from:

   (i) Further counterfeiting, infringing, falsely designating origin, and unfairly competing directly against Posh Peanut and the Posh Peanut Marks;

   (ii) Manufacturing, importing, distributing, advertising, offering to sell or selling any goods, including counterfeit goods, bearing one or more of the Posh Peanut Marks, or any goods bearing any confusingly similar designations;

(iii) Using one or more of the Posh Peanut Marks or any confusingly similar designations in connection with the importation, distribution, sale, offer for sale, or promotion of any goods/services, including clothing and/or clothing accessories;

(iv) Using any false designation of origin, or representing or suggesting directly or by implication that Defendants, or any brands created by Defendants, or any of their services including retail stores, or its clothing and/or accessories are affiliated with, associated with, authorized by, or otherwise connected to Posh Peanut or the Posh Peanut Marks, or that Defendants are authorized by Posh Peanut to use the Posh Peanut Marks;

(v) Passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Posh Peanut's, or otherwise continuing any and all acts of unfair competition as alleged herein;

(vi) Infringing or contributing to the infringement of any of Posh Peanut's trademarks or trade names, including without limitation one or more of the Posh Peanut Marks, or otherwise engaging in unfair competition with Posh Peanut in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any member of the public into thinking that Defendants or any of their goods/services are affiliated with Posh Peanut or that Posh Peanut has otherwise sponsored, approved, or licensed any products or services of Defendants; and

   (vii) Assisting, inducing, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (v) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vii) above;

4. Defendants are ordered, within ten (10) days, to:

 (i) Immediately remove all counterfeit products from any and all e-commerce platforms and brick-and-mortar stores;

 (ii) Immediately remove all Posh Peanut Marks, or any confusingly similar marks, from its products, product packaging, labeling, promotional materials, advertisements, signage, buildings, websites, e-commerce platforms, third-party websites, social media hubs and handles, and all other electronic or physical materials;

 (iii) Immediately take all other action necessary to comply with the injunction.

5. Defendants are ordered to provide Posh Peanut with the identity of all sources of the counterfeit items, including the name, email address, physical address, and phone number of all contacts at each source; and

6. Defendants shall, within ten (10) days, ship to Plaintiff all products in their possession or under their control, bearing any unauthorized copy of any of one or more of the Posh Peanut Marks, or any simulation, reproduction, counterfeit, copy, confusingly similar likeness, or colorable imitation thereof, including without limitation the Posh Peanut designation, and all plates, molds, matrices, programs and other means of making same.

IT IS SO ORDERED.